# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBIN SWANIER DEDEAUX | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:11cv372HSO-RHW |
| | § | |
| STATE FARM MUTUAL | § | DEFENDANT |
| AUTOMOBILE INSURANCE CO. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY STATE FARM AUTOMOBILE INSURANCE COMPANY

BEFORE THE COURT is a Motion for Partial Summary Judgment [51] by State Farm Automobile Insurance Company ["Defendant"] filed October 12, 2012, pursuant to Federal Rule of Civil Procedure 56. Robin Dedeaux ["Plaintiff"] filed a Response [55] on October 29, 2012, and Defendant filed a Reply [59] on November 5, 2012. After due consideration of the Motion, Response, Reply, the record and pleadings on file, and the relevant legal authorities, the Court finds that Defendant's Motion for Partial Summary Judgment [51] should be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was insured under policy number 843619-11-24 [the "Policy"], issued by Defendant. On April 17, 2010, Plaintiff was involved in an automobile accident when the motorcycle she was riding was struck from behind by a vehicle operated by Mr. Jeromy Heisterberg. The collision turned Plaintiff's motorcycle on its side, causing Plaintiff to sustain injury. In March 2011, Plaintiff settled with Mr. Heisterberg's insurance carrier, GEICO, for $25,000.00, which represented Mr. Heisterberg's liability policy limits. Plaintiff filed an underinsured motorist claim with Defendant. On

March 11, 2011, Plaintiff requested a subrogation waiver, which Defendant granted on April 26, 2011. Thereafter, Ms. Laura Jernigan was assigned as the adjuster for evaluation of Plaintiff's underinsured motorist claim. Over the course of the ensuing months, Ms. Jernigan and Plaintiff's counsel communicated about the pending claim.

Plaintiff filed this lawsuit against Defendant on August 22, 2011, in the Circuit Court of Harrison County, Mississippi, First Judicial District. Compl. [1-2], att. as Ex. "A" to Notice of Removal. In addition to a breach of contract claim, the Complaint asserts a claim for bad faith and breach of good faith duty based upon Defendant's "denials, unreasonable delays and/or constructive denials of Plaintiff's claims . . . without legitimate and arguable reason . . . and was attended by intentional wrong, insult, abuse, fraudulent scheme, or gross negligence, . . . " *Id.* [1-2] ¶¶ 20-22, at pp. 7-8. In addition to her demand for contractual, non-economic compensatory, and liquidated damages, Plaintiff seeks "an award of punitive damages in an amount that would punish the Defendant and other defendants from such actions in the future." *Id.* at p. 9. On October 3, 2011, Plaintiff made a demand for Defendant's best offer.

Pursuant to 28 U.S.C. § 1332 and § 1441, Defendant removed the case to this Court on October 6, 2011. Notice of Removal [1] ¶VII, at p. 31. Defendant tendered the sum of $5,000.00 as its best offer to Plaintiff's counsel on November 8, 2011. Plaintiff rejected the tender. On November 30, 2011, the Court conducted a case management conference and entered a Case Management Order [11] and an Order for Mediation [12]. On June 28, 2012, the Court entered an Amended Case Management Order setting the case for trial on the Court's April 2013 docket. Defendant now seeks partial

summary judgment on Plaintiff's bad faith and breach of duty of good faith claim, Plaintiff's request for punitive damages, and Plaintiff's request for extra-contractual damages. [51].

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73

F.3d 1322, 1325 (5th Cir. 1996). "There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Defendant's Motion for Summary Judgment

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

1. <u>Whether Defendant is Entitled to Summary Judgment on Plaintiff's Bad Faith and Breach of Good Faith Duty Claim</u>

Defendant seeks partial summary judgment on Plaintiff's bad faith claim, more properly described as a claim for the violation of the duty of good faith and fair dealing. Defendant submits that Plaintiff's claims were timely evaluated and that the period of time which elapsed does not support a finding of bad faith. Def.'s Mem. in Supp. Of Mot. for Summ. J. [52] at pp. 8-10. Defendant alternatively argues that, even if a delay was deemed to occur as a result of the exchange of information pertaining to Plaintiff's claim, it would "amount to mere oversight, mistake, or negligence," which is legally insufficient to establish bad faith. *Id*. at p. 10. Plaintiff responds that issues surrounding the length of delay in evaluating the claim, insufficient communications regarding the claim, inaction on the part of Ms. Jernigan in handling the claim, and delay in Defendant tendering its best offer, and whether any or all of this conduct amount to bad faith, are factual issues to be resolved by the jury. Pl.'s Resp. to Mot. for Summ. J. [55], at pp. 7-9.

Implicit in every insurance contract is a covenant of good faith and fair dealing. *Langston v. Bigelow*, 820 So. 2d 752, 756 (Miss. Ct. App. 2002) (quoting *Hartford Accident and Indem. Co. v. Foster*, 528 So. 2d 255, 281 (Miss. 1988)). The parties to such a contract agree that neither will do anything which will injure the right of the other to receive the benefit of the agreement. *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1045 (Miss. Ct. App. 2004) (quoting *Cothern v. Vickers*, 759 So. 2d 1241, 1248 (Miss. 2000)). "The duty of good faith and fair dealing applies to the

performance and enforcement of a contract." *Cenac v. Murry,* 609 So. 2d 1257, 1272 (Miss. 1992). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.* at 1272 (citing Restatement (Second) of Contracts § 205, 100 (1979)).

The Mississippi Supreme Court has determined that "a bad faith refusal claim is an 'independent tort' separable in both law and fact from the contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters Ins. Co. v. Williams,* 936 So. 2d 888, 895 (Miss. 2006) (quoting *State Farm & Cas. Co. v. Simpson,* 477 So. 2d 242, 250 (Miss. 1985)). "Bad faith has been defined . . . as requiring 'a showing of more than bad judgment or negligence; rather, 'bad faith' implies some conscious wrongdoing 'because of dishonest purpose or moral obliquity.'" *Limbert v. Mississippi Univ. for Women Alum. Ass'n. Inc.,* 998 So. 2d 993, 998 (Miss. 2008) (quoting *University of Southern Miss. v. Williams*, 891 So. 2d 160, 170-71 (Miss. 2004)).

In order to establish a bad faith claim for punitive damages, a plaintiff must prove (1) defendant lacked an arguable or legitimate basis for denying the claim; and (2) defendant committed a willful or malicious wrong, or acted with gross and reckless disregard of plaintiff's rights. *Spansel v. State Farm Fire & Cas. Co.*, 683 F. Supp. 2d 444, 447 (S.D. Miss. 2010) (citing *Un. Am. Ins. Co. v. Merrill,* 978 So. 2d 613, 634 (Miss. 2007)).

Defendant asserts that Plaintiff's claim:

> is not really that State Farm unjustifiably delayed payment on her claim without arguable and legitimate reason . . . she is simply dissatisfied with the amount. Yet, Dedeaux has not presented State Farm with any additional evidence to support a higher evaluation.

Def.'s Mem. in Supp. of Summ. J. [52], at p. 10.

Defendant further states that because Plaintiff has not produced evidence from a qualified medical provider, there exists "a vast difference on the value of Plaintiff's injury claim. Her claim of permanent orthopedic or neurologic injury is wholly unsupported by the evidence." *Id*. at pp. 11-12. Finally, Defendant maintains that this matter is nothing more than a dispute over the amount owed Plaintiff under the policy for the April 2010 accident. It contends that the essential elements of a bad faith claim cannot be satisfied, inasmuch as the facts do not rise to the level of wanton, gross, or intentional conduct. *Id*. at p. 12.

The evidence tendered in connection with Defendant's Motion consists largely of a series of letters which were exchanged between Plaintiff's counsel and Ms. Jernigan, and include the following:

> 1) A letter submitted to Defendant by counsel for Plaintiff dated March 15, 2011, advising Defendant that an uninsured/underinsured motorist claim may be filed. Pl.'s Letter [51-3], att. as Ex. "C" to Def.'s Mot. for Summ. J.
>
> 2) A letter, dated April 13, 2011, sent by Plaintiff's counsel to Defendant that referenced enclosed requested medical bills. Pl.'s Letter [51-5], att. as Ex. "E" to Def.'s Mot. for Summ. J.
>
> 3) A letter, authored by Ms. Jernigan on April 26, 2011, that responded to Plaintiff's inquiry and granted Plaintiff's subrogation waiver request. Def.'s Letter [51-4], att. as Ex. "D" to Def.'s Mot. for Summ. J.

4) A May 3, 2011, letter from Plaintiff's counsel to Ms. Jernigan which confirmed a April 29, 2011, phone conversation regarding the claim and delay due to tornado storms and damage. Pl.'s Letter [51-6], att. as Ex. "F" to Def.'s Mot. for Summ. J.

5) A June 21, 2011, fax cover sheet from Plaintiff's counsel to Ms. Jernigan requesting contact regarding claim correspondence and status. Cover Letter [51-7], att. as Ex. "F" to Def.'s Mot. for Summ. J.

6) Letters dated July 6, 2011 and July 8, 2011, from Plaintiff's counsel to Ms. Jernigan requesting contact regarding claim correspondence and status. Letters [51-8] and [51-10], att. as Exs. "G" and "J" to Def.'s Mot. for Summ. J.

7) A letter, authored by Ms. Jernigan on July 6, 2011, responding to Plaintiff's previous correspondence and confirming that Plaintiff held 5 separate policies. Def.'s Letter [51-9], att. as Ex. "I" to Def.'s Mot. for Summ. J.

8) A letter, authored by Ms. Jernigan on July 19, 2011, reconfirming a previous request for copies of medical bills in addition to medical records previously provided. Def.'s Letter [51-11], att. as Ex. "K" to Def.'s Mot. for Summ. J.

9) A July 19, 2011, letter authored by Plaintiff's counsel which: 1) expressed dissatisfaction with the handling and timeliness of handling the claim; 2) reasserted a demand for the remaining $100,000.00 in uninsured motorist coverage; and 3) noted that the delay forced drafting and filing a lawsuit to enforce Plaintiff's policy. Pl.'s Letter [51-12], att. as Ex. "L" to Def.'s Mot. for Summ. J.

The evidence before the Court shows a pattern of communication and ongoing discussions regarding Plaintiff's claim. On November 8, 2011, Defendant tendered the sum of $5,000.00, and reasoned in part that:

> this amount represents the amount that State Farm reasonably believes is attributable to the subject motor vehicle accident in addition to the $25,000.00 already tendered to our client by the tortfeasor's liability insurance carrier. State Farm's determination of the enclosed amount is based upon its investigation and review of the facts of the subject accident and your client's medical records and bills. Should you have other

> evidence or information which you would like for State Farm to consider in further evaluating this claim, please provide it to me for submission to State Farm.

Letter from Ben Mullen [51-17], att. as Ex. "Q" to Def.'s Mot. for Summ. J.

Plaintiff takes issue with the length of time that passed between the time she first provided her medical records to Ms. Jernigan on a disk, and the time she learned from Ms. Jernigan that the disk containing copies of those medical records was apparently not readable. As a result, copies of the records and bills had to be re-submitted by Plaintiff's counsel to Defendant for review.

Prior to Plaintiff filing suit, the record reflects that there was a four month period during which various communications occurred. Subsequent to suit being filed, Defendant tendered an offer of $5,000.00. The letter conveying the tender further offered Plaintiff the opportunity to submit additional medical evidence and/or bills for consideration and further evaluation of her claim. Considering the record as a whole, Plaintiff has not submitted sufficient evidence to support her allegation that Defendant acted maliciously or in disregard of her rights.

The Fifth Circuit has explained that, if there is no denial of a claim or failure to honor an obligation, then there is no jury issue of bad faith. *Essinger v. Liberty Mutual Fire Ins. Co.*, 529 F.3d 264, 274 (5th Cir. 2008) ["*Essinger I*"]. In *Essinger I* the Court held that "[a]t some point, an insurance company's conduct may reveal such a refractory attitude, such as rejecting reasonable responses from its claimants despite verbal indications of flexibility, that a denial might arise from what superficially appears to be a negotiation." *Id.* However, the *Essinger I* Court found no dispute of material fact on

that point, finding where the insurer "explicitly held open the door to considering further information from the [insureds] on why more was owed." *Id.* at 273. The Fifth Circuit affirmed the district court's dismissal of the insureds' bad faith claim in that case, because it concluded that no denial ever occurred. *Id.* at 272. Here, the evidence before the Court demonstrates that there was no "denial" of Plaintiff's claim.

Finally, the Court notes that Plaintiff, on more than one occasion, has demanded that Defendant tender full policy limits in connection with her claim. Defendant has consistently maintained that, based upon the information and documentation it received, she is not entitled to the full policy limits of $100,000.00. "[A] legitimate pocketbook dispute over the amount due and owing under a policy of insurance does not rise to the level of wanton, gross, or intentional conduct." *State Farm Mut. Auto. Ins. Co. v. Roberts,* 379 So. 2d 321, 322 (Miss. 1980). The Fifth Circuit in *Tutor v. Ranger Ins. Co.*, 804 F. 2d 1395 (5th Cir. 1986), discussed bad faith claims and noted that:

> the Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment. *See, e.g., Aetna Casualty & Sur. Co. v. Day,* 487 So. 2d 830, 832-34 (Miss. 1986) (no punitive damages in case of dispute in coverage and delay in payment); *State Farm Mut. Auto. Ins. Co. v. Roberts,* 379 So. 2d 321, 322 (Miss. 1980) (award of punitive damages improper when insurer legitimately disputes the amount due under the policy); *see also Bellefonte Ins. Co. v. Griffin,* 358 So. 2d 387, 391 (Miss. 1978) (dispute over method of determining amount due under the policy did not entitle insured to punitive damages).

*Tutor*, 804 F. 2d at 1396.

Because the evidence before the Court is insufficient to establish a denial of coverage and reflects what is essentially a pocketbook dispute, the Court is of the opinion that Defendant is entitled to summary judgment on Plaintiff's bad faith claim. *See Essinger I*, 529 F.3d at 272, 274 (holding that if there is no claim denial, then there is no jury issue of bad faith, and dismissal of the insured's bad faith claim is appropriate).

> 2. <u>Whether Defendant is Entitled to Summary Judgment on the Claim for Punitive Damages</u>

Defendant also seeks partial summary judgment on Plaintiff's demand for punitive damages. Plaintiff claims that she is entitled to recover punitive damages based upon Defendant's conduct in handling her claim. Section 11-1-65(1)(a) of the Mississippi Code provides that:

> [p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(1)(a).

Punitive damages are reserved for extreme cases and should be "allowed only with caution and within narrow limits." *Snow Lake Shores Prop. Owners Corp. v. Smith*, 610 So. 2d 357, 362 (Miss. 1992) (quoting *Cons. Am. Life Ins. Co. v. Toche*, 410 So. 2d 1303, 1304-05 (Miss. 1982)). The Mississippi Supreme Court has further explained that:

> [t]he kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained,

> import insult, fraud, or oppression and not merely injuries but injuries inflicted in the spirit of wanton disregard for the rights of others. In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule.

*Summers ex rel. Dawson v. St. Andrews Episcopal School, Inc.*, 759 So. 2d 1203, 1215 (Miss. 2000) (citing *Fowler Butane Gas Co. v. Varner*, So. 2d 226, 233 (Miss. 1962)).

Having considered the record, Plaintiff has not adduced sufficient evidence to show that Defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud," as required to support a claim for punitive damages under Mississippi law. Miss. Code Ann. § 11-1-65(1)(a). The record does not support a finding by clear and convincing evidence that Defendant's alleged conduct rises to the level necessary to justify punitive damages. Summary judgment in Defendant's favor is therefore appropriate as to the punitive damages claim.

    3.    <u>Whether Defendant is Entitled to Summary Judgment on the Claim for Extra-Contractual Damages</u>

As the Fifth Circuit noted in *Essinger I*, and detailed more fully in *Essinger v. Liberty Mutual Fire Ins. Co.*, 534 F.3d 450 (5th Cir. 2008) ["*Essinger II*"], extra-contractual damages may be available as an intermediate form of relief to make an insured whole in cases where an insurance company tortiously breaches its contract. *Essinger I*, 529 F.3d at 271. Extra-contractual damages "may be appropriate where the insurer lacks an arguable basis for delaying or denying a claim, but the conduct was not sufficiently egregious to justify the imposition of

punitive damages." *Essinger II,* 534 F.3d at 451 (citing *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992)); *see also Broussard v. State Farm Fire & Cas. Co.,* 523 F. 3d 618, 628 (5th Cir. 2008) (quoting *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1186, n.6 (Miss. 1990)).

As discussed earlier, the record lacks sufficient evidence to establish that Defendant denied Plaintiff's claim, or that any such denial lacked a reasonable or arguable basis. The evidence before the Court demonstrates that Defendant is entitled to summary judgment on Plaintiff's claim for extra-contractual damages.

III. <u>CONCLUSION</u>

The Court has reviewed the record and concludes that Plaintiff has proffered insufficient evidence to establish that Defendant committed a wilful or malicious wrong or acted with gross or reckless disregard for her rights. As such, the requisite elements of bad faith and breach of good faith duty have not been established. For the foregoing reasons, the Court concludes that Defendant is entitled to summary judgment on Plaintiff's bad faith claim and demand for extra-contractual and punitive damages.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant's Motion [51] for Partial Summary Judgment, filed October 12, 2012, pursuant to FED. R. CIV. P. 56, is **GRANTED.** Plaintiff's bad faith claim and demand for extra-contractual and punitive damages are dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE